IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD D. BUTLER,

      Plaintiff,                                No. CIV S-11-1052 GGH P

      vs.

PEOPLE OF THE STATE OF CALIFORNIA,

      Defendants.                         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff has consented to the jurisdiction of the undersigned. See Docket # 5. By order filed on May 24, 2011, plaintiff's "woefully deficient" initial filing, a purported civil rights complaint, was stricken and plaintiff was granted leave within twenty-eight days to file an amended complaint and either the appropriate in forma application or the filing fee. Plaintiff has filed an amended complaint, or at least he has purported to do so, and has paid the $350.00 filing fee in full.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff once again provides wholly inadequate information to be able to proceed

on a complaint. He names the Attorney General as the defendant, states his claim in its entirety as "due process" and states as the relief he seeks: "make the courts answer or dismissed [sic] the case." Amended Complaint, pp. 2-3. As plaintiff was previously, inter alia, informed, Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. The amended complaint, as did the earlier filing, once again meets none of these requirements. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.). Plaintiff will be afforded one further opportunity to amend, but if he should either fail to file a second amended complaint or should he again file a completely inadequate pleading, the case will be dismissed for failure to state a claim upon which relief may be granted.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

1  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
2  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
3  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
4  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
5           In accordance with the above, IT IS HEREBY ORDERED that the amended
6  complaint is dismissed for the reasons discussed above, with leave to file a second amended
7  complaint within twenty-eight days from the date of service of this order.  Failure to file a second
8  amended complaint will result in a recommendation that the action be dismissed.  Should
9  plaintiff file a second amended complaint as deficient as his prior filings, the case will be
10  dismissed for plaintiff's repeated failure to state a claim upon which relief may be granted.
11  DATED: June 16, 2011

                                   /s/ Gregory G. Hollows
                                   _____
                                   GREGORY G. HOLLOWS
                                   UNITED STATES MAGISTRATE JUDGE

butl1052.b.wpd