IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD D. BUTLER,

    Plaintiff,                     No. CIV S-11-1052 GGH P

    vs.

PEOPLE OF THE STATE OF CALIFORNIA,

    Defendants.                  <u>ORDER</u>

/

         Plaintiff is an inmate at Butte County Jail and is proceeding pro se. Plaintiff has consented to the jurisdiction of the undersigned. See Docket # 5. By order filed on May 24, 2011, plaintiff's "woefully deficient" initial filing, a purported civil rights complaint, was stricken and plaintiff was granted leave within twenty-eight days to file an amended complaint and either the appropriate in forma application or the filing fee. Plaintiff thereafter filed a purported amended complaint and paid the $350.00 filing fee in full. The amended complaint was dismissed by order, filed on June 17, 2011, for having provided wholly inadequate information upon which plaintiff could proceed. Plaintiff was granted leave to file, within twenty-eight days, a second amended complaint. Plaintiff failed to file a second amended complaint.

1

Instead, plaintiff, on June 22, 2011, filed a notice to the Clerk of the Court that he intended to file a petition for writ of habeas corpus and noting that he had paid a $350.00 filing fee for what he intended to be a habeas corpus petition. On June 28, 2011, plaintiff filed a request to "change to code from a law su[it] to a habeas corpus." Docket # 12. He sought to file a habeas petition naming the State of California as respondent for allegedly violating plaintiff's due process rights; he also wished to raise an ineffective assistance of counsel claim. The most information he provides is that he is "seeking relief on my prior case." Id.

Thereafter, on July 5, 2011, plaintiff filed a document entitled "2254 motion" and setting forth in the motion caption the following: "1. Ineffective Assistance of Counsel; 2. Violation of Due Process Rights; 3. Constitutional Right Violated." Docket # 13. Plaintiff in this putative motion asks the court "to take the action under nonprotunc [sic]." Id. Plaintiff then sets forth a litany of claims regarding a 1992 conviction for possession for sale and intent to deliver rock cocaine base for which he was sentenced to four years in prison and four years on supervised release. Plaintiff claims to have "been fighting this prior for 12 years." Id., at 2. He believes that the state courts have never properly considered his claims for various reasons, one being that his letters to the courts have often been filed in another individual's court files because plaintiff had been a victim of identity theft of this individual who had been charged with the murder of a police officer.

On the face of it, it does not appear that plaintiff can proceed herein as petitioner under 28 U.S.C. § 2254 on his challenges to his 1992 conviction and sentence because he it does not appear to be possible that he is in custody pursuant to that judgment. Maleng v. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923 (1989)("[w]e have never held...that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed" [emphasis in original]). Plaintiff states that he was sentenced to four years in prison plus four years of supervised release; thus, it would seen that he was no longer in custody for any purpose on this conviction as of 2000 or thereabouts, more than a

decade ago.  Moreover, even if plaintiff (petitioner) was seeking to attack the prior conviction because it was being used (or had been used) to enhance a present sentence, absent a claim that no counsel was provided whatsoever, alleged errors in the prior conviction is not actionable. <u>Lackawanna County District Attorney v. Coss,</u> 532 U.S. 394, 406, 121 S.Ct. 1567 (2001).

As plaintiff does not wish to proceed under 42 U.S.C. § 1983 and it does not appear that he has any basis to proceed under 28 U.S.C.§ 2254, the court will dismiss this action. Plaintiff's inapposite motion, filed on July 5, 2011, will be denied.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion, filed on July 5, 2011 (docket # 13), is denied as both inapposite and moot; and

2. This case is dismissed.

DATED: September 14, 2011

     /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
butl1052.ord